Peck, J.,
delivered the opinion of the court:
James S. Wiggins, Henry B. Groves, and Samuel E. Guild, represent that, under and by an indenture of assignment, dated 22d December, 1851, they hold the estate of Charles Dexter and Willard A. Harrington, who were before then doing business in Boston, Massachusetts, under the name and firm of Dexter, Harrington & Oo., in trust for the creditors of said firm.
That among the property which came into the hands of said assignees was an adventure made by the said Dexter, Harrington &Co., in the prosecution of their business, by sending -a large and valuable stock of goods to Greytown or San Juan del Norte, in Central America. That one William H. De Forest was in the winter of 1850-’51 sent to Greytown to take charge of and manage the said adventure. That a large portion of the goods sent to De Forest were converted into real estate and other property, designed for the benefit of a busi *346 ness which it was then expected would he permanent. That this property was greatly injured or wholly destroyed by Captain Hollins,'in July, 1S54, when the bombardment of Greytown took place. For which it is assumed the claimants should be compensated by the United States.
The claim, though originally made for losses sustained by the destruction of property generally, is now abandoned for all except a quantity of gunpowder, which it is said was owned by Dexter, Harrington & Co., and which Captain Hollins caused to he thrown into the water, whereby it was lost.
In the views which we have taken of the case it is not necessary to consider the arguments presented at the hearing.
The affidavits in the record are not evidence; they were not taken in any legal pending contest, and this court, in the case of Johnson v. United States, at October term, 1863, has already ruled that it will not consider proof of that character.
The powder lost, and for which compensation is claimed, so far as this record furnishes any evidence, was, at the time, the sole projjerty of De Forest. There is no evidence, or intimation even, that it was any part of the property held for the joint benefit of De Forest and Dexter, Harrington & Co.
The record discloses that, up to the time of the destruction of the powder, it was held as the joint adventure of De Forest and one Tejada. The papers in the record, to which William H. Leonard has appended an affidavit, if proof for any purpose, would clearly show that fact. The interest of Tejada was conveyed to De Forest, which constituted him sole owner of the powder. The property of De Forest in the powder, which appears to have been absolute and exclusive, was not assigned to the petitioners until upwards of a year after the powder had been destroyed. Whatever equitable right this assignment (the execution of which is not proved) between De Forest and the petitioners might give them to any money recovered for the value of the powder destroyed, it does not authorize them to sue for it in their own names. The legal and equitable title to the powder at the time of its destruction is shown to have been in De Forest, and if any recovery is had for its loss it must be in his name.
The petition will be dismissed. Judgment is for the defendants.